Ossian Cameron, Plaintiff in Error, v. Illinois Steel Company, Defendant in Error.

Gen. No. 15,903.

1. Assignments—*when, of chose in action, void.* An assignment of an action for personal injuries is contrary to public policy and void.

2. Fraud—*when compromise of assigned claim not actionable.* Held, that under the evidence, no fraud was shown which rendered actionable the compromise by the defendant of an action for personal injuries and that no action could be maintained against such defendant by an attorney to whom the claim in suit had been assigned.

Tort. Error to the Superior Court of Cook county; the Hon.
BEN M. SMITH, Judge, presiding. Heard in the Branch Appellate
Court at the October term, 1909. Affirmed. Opinion filed October
20, 1911.

OSSIAN CAMERON, plaintiff in error, *pro se;* A. S.
LAKEY and JOHN C. MURPHY, of counsel.

KNAPP & CAMPBELL and WILLIAM BEYE, for defend-
ant in error.

MR. JUSTICE CLARK delivered the opinion of the court.

This suit was brought by the plaintiff in error, here-
inafter called the plaintiff, against the defendant in
error, hereinafter called the defendant, and one
Barancik, for damages in tort.

Upon a trial before the court and a jury the court
directed the jury to find a verdict in favor of the de-
fendant, and upon the rendering of the verdict entered
judgment against the plaintiff for costs. To reverse
such judgment this writ of error is brought.

The declaration in the cause consists of two counts.
In the first count it is alleged that the plaintiff was at
the time of the commission of the grievance alleged
an attorney and counselor licensed to practice by the
Supreme Court of Illinois; that he entered into a con-
tract with one Frank Rubish, by which contract the
plaintiff in his professional capacity was to protect
and secure certain rights which Rubish had against
the defendant, and by which contract Rubish agreed
to pay to the plaintiff one-half of the amount recov-
ered from the defendant; that the plaintiff entered
into numerous negotiations with the defendant with
a view of effecting a settlement, and began suit in
behalf of Rubish against the defendant for personal
injuries, in which suit damages were fixed by the
declaration in the sum of $20,000; that the defendant,
the Illinois Steel Company, and Barancik, the other
defendant, knew of this contract and that it was their

duty to refrain from interfering with the plaintiff in his contractual relations, but that conspiring together to damage and injure the plaintiff, they wilfully and maliciously persuaded and induced Rubish to break his contract with the plaintiff for the purpose of injuring the plaintiff and depriving him of the profits; that said Steel Company and Barancik with certain other persons caused Rubish to settle his suit with the Steel Company for the sum of $4,000; that Rubish then departed from the state; that he is wholly irresponsible financially and has concealed and disposed of the money received from the Steel Company, whereby plaintiff suffered damage to the extent of $10,000.

The second count is practically the same as the first excepting that the contract is set out in *haec verba.* This contract, after a paragraph by which the plaintiff is made the attorney of Rubish to bring suit against the Steel Company, authorizes the plaintiff to compromise or adjust the same in court or out of court. By the contract Rubish agreed to pay the court costs and necessary expenses, and to pay plaintiff one-half of the amount received as his attorney's fees. Rubish by the contract further attempted to assign and transfer to the plaintiff his right, title and interest in and to the claim and to any judgment recovered thereon, and to any money or valuable thing paid in settlement, and he agreed that any money received by him he would hold as the agent of the plaintiff. The contract was acknowledged by Rubish before a notary public.

The plaintiff, called as a witness in his own behalf, testified as to the making of the contract and as to the beginning of the suit against the Steel Company, also as to sundry conversations he had with Barancik, who appears to have been an agent of the defendant in effecting a settlement, and as to conversations with the attorneys for the defendant with respect to settlement.

Rubish was also called as a witness by the plaintiff, and testified to settling the case for the sum of $3,000

and to his conversation with Barancik in regard to the same. He testified further that he was told by Barancik when he made the settlement that the defendant would pay his doctor bill and his lawyer.

Other witnesses were called by the plaintiff, but their testimony, in the view we take of the case, it is unnecessary to consider.

The contract above referred to, in so far as it purported to be an assignment to the plaintiff of the claim of Rubish against the defendant, was void, and the defendant had a perfect right to compromise its suit directly with Rubish. North Chicago Street R. R. Co. v. Ackley, 171 Ill. 100.

The plaintiff's case as shown by his declaration is founded upon the proposition that the defendant together with Barancik fraudulently induced Rubish to break his contract with the plaintiff. We find no evidence in the record that the contract between Rubish and the plaintiff was broken. It is true Rubish settled his claim direct with the defendant, but the contract evidently contemplated that he might do so, and provided that in the event of his doing so he should hold the amount received as agent for the plaintiff. If this provision of the contract is valid, which is extremely doubtful in view of the fact that the claim was not assignable, the plaintiff would have his right of action against Rubish upon it. Nothing that the defendant did could in any way operate to prevent the plaintiff from maintaining an action against Rubish upon this provision of the contract. Nor is there in the record any evidence tending to show that Rubish discharged the plaintiff as his attorney. As stated before, there is evidence tending to show that the defendant agreed to pay the attorney's fees of Rubish, but this action is not based on any contract relation between the defendant and Rubish or between the defendant and the plaintiff. It is founded entirely upon the alleged tortious acts of the defendant in connection with Barancik,

and so far at least as the defendant is concerned, the record discloses no evidence tending to sustain the contention.

After the court below had instructed the jury to find a verdict for the defendant the plaintiff asked permission to file an additional count. This count charges that the defendant and Barancik entered into a conspiracy to defraud the plaintiff and to hinder and prevent him in the practice of his profession and to destroy his clientage, and that in pursuance of such conspiracy the defendant and Barancik and others unknown to the plaintiff, fraudulently, wickedly, maliciously and wilfully induced Rubish to break his contract with the plaintiff and to terminate the relation of attorney and client so existing. As heretofore stated, we find nothing in the record tending to support the contention that the defendant entered into any such conspiracy as charged. We think, therefore, that the trial judge committed no error in refusing to allow the additional count to be filed.

From what has been said it follows that in our opinion the judgment of the court below should be affirmed.

*Judgment affirmed.*